UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

DAWSON HUBER COLEMAN, JR.,

                  Plaintiff,

- versus -

J.P. MORGAN CHASE BANK; MARSHA L. STEINHARDT; COURT CLERK ROBERT FITZSIMMONS,

                  Defendants.

MEMORANDUM AND ORDER
12-CV-5852 (JG)

APPEARANCES:

    DAWSON HUBER COLEMAN, JR.
        928 E. 48th Street
        Brooklyn, NY 11203
        Plaintiff, *Pro Se*

    ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        120 Broadway, 24th Floor
        New York, NY  10271
    By:    Garrett Coyle
        *Attorney for Justice Steinhardt and Court Clerk Fitzsimmons*

    MATTHEW B. CORWIN
        Stagg, Terenzi, Confusione & Wabnik LLP
        401 Franklin Avenue Suite 300
        Garden City, NY  11530
        *Attorney for J.P. Morgan Chase Bank*

JOHN GLEESON, United States District Judge:

        Dawson Huber Coleman, Jr. ("Coleman") filed this *pro se* action pursuant to, *inter alia*, 28 U.S.C. §§ 1333 and 1400 on November 27, 2012.  Dawson has paid the filing fee to commence this action.  J.P. Morgan Chase Bank ("Chase"), Justice Marsha L. Steinhardt, and

1

Court Clerk Robert Fitzsimmons[1] move to dismiss Coleman's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). I heard oral argument on February 1, 2013. For the reasons stated below, the motions to dismiss are granted.

BACKGROUND

A.  *Factual Allegations*

Coleman alleges the following facts, which I accept as true for the purposes of deciding this motion.[2] *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

In May 2011 Chase brought a foreclosure action against Coleman in the Supreme Court of the State of New York, Kings County. Compl. ¶ 2, ECF No. 1. On January 13, 2012 Coleman moved to dismiss the action on the ground that Chase had failed to produce the original promissory note. *Id.* ¶ 4 & Ex. 2. On March 1, 2012 Justice Steinhardt denied Coleman's motion to dismiss in a written order on the ground that "Plaintiff [Chase] provided Coleman with [sic] copy of attorney certified note, and Coleman may examine the original note at Plaintiff's office if he so chooses." *Id.* ¶ 6 & Ex. 3. During the oral argument on the motion, Justice Steinhardt denied Coleman "any meaningful opportunity to present [his] concerns." Coleman Aff., Jan. 11, 2012, ¶ 9, ECF No. 16. Justice Steinhardt also allowed the attorney for Chase "to personally write the court's order, which the court rubber stamped." *Id.* Coleman sought to

---

[1] The complaint as filed incorrectly names Frank Fitzsimmons. Fitzsimmons's first name is Robert, not Frank, and the Clerk is directed to amend the caption accordingly. Steinhardt Mem. in Support, at 1 n. 1, ECF No. 8-1.

[2] These factual allegations are set forth in Coleman's complaint, his papers in opposition to the motions and his two affidavits (one filed January 11, 2013, another filed January 18, 2013) filed along with those papers. Generally, a court may not look outside the pleadings when reviewing a Fed.R.Civ.P. 12(b) motion to dismiss. However, the mandate to read the pleadings of *pro se* litigants liberally warrants consideration of Coleman's additional materials, including his opposition papers. *See, e.g.*, *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering *pro se* plaintiff's affidavit submitted in opposition to defendants' motion to dismiss in reviewing district court's dismissal of claims); *Sommersett v. City of New York*, 09-CV-5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011) ("[W]here a pro se plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations.") (internal quotation marks omitted).

appeal this ruling but Court Clerk Fitzsimmons failed to file the order with the central clerk's office in a timely fashion. *Id*. ¶¶ 14-15.

B.     *Prior Federal Action*

On April 27, 2012 Coleman and his wife, Thecla F. Coleman, filed a *pro se* action in this Court against Chase and Justice Steinhardt, setting forth virtually identical allegations to those raised in the instant action. Coleman and his wife also filed a motion to proceed *in forma pauperis*. On May 9, 2012, I granted the application to proceed *in forma pauperis* but dismissed the complaint for lack of subject matter jurisdiction. *Coleman v. J.P. Morgan Chase Bank*, No. 12-cv-2118, Order, May 9, 2012, ECF No. 5.

On May 22, 2012 Coleman moved to reopen the case and filed an amended complaint, which contained the same allegations that were set forth in the original complaint but invoked the Court's jurisdiction pursuant to 42 U.S.C. § 1983. On June 13, 2012 I denied the motion to reopen the case and dismissed the amended complaint. *Coleman v. J.P. Morgan Chase Bank*, No. 12-cv-2118, Order, May 9, 2012, ECF No. 5. I held that while the Court had subject matter jurisdiction over the action, the claim against Justice Steinhardt was barred by absolute immunity and the claim against Chase could not be brought under 42 U.S.C. § 1983 because private corporations performing private functions do not act under color of state law. *Id*.

C.     *Procedural History*

Coleman filed the complaint in this case on November 27, 2012. Compl., ECF No. 1. Coleman seeks (1) a declaratory judgment that Justice Steinhardt "acted contrary to her rendered oath of office;" (2) an injunction compelling Chase to disclose the original promissory note; and (3) damages, plus costs. *Id*., ad damnum. Justice Steinhardt and Fitzsimmons moved

to dismiss the complaint on December 20, 2012. Steinhardt Mot. Dismiss, ECF No. 8; *see also* Steinhardt Mem. in Support, ECF No. 8-1. Chase moved to dismiss the complaint on December 28, 2012. Chase Mot. Dismiss, ECF No. 10; *see also* Chase Mem. in Support, ECF No. 10-1. I heard oral argument on the motions on February 1, 2013.

DISCUSSION

A. *The Standard of Review*

District courts are required to read *pro se* complaints liberally; "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106) (1976)). The court must therefore interpret the complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (internal quotation marks omitted). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

B. *Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a

4

party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed.R.Civ.P. 12(h)(3).

The plaintiff, even if proceeding *pro se*, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 Fed.Appx. 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

Coleman purports to bring this action pursuant to 28 U.S.C. §§ 1333 and 1400, which respectively provide for district court jurisdiction over admiralty and patent infringement actions.³ Coleman's action concerns a mortgage foreclosure proceeding in state court and is clearly unrelated to admiralty or patent infringement. Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).⁴

---

³ In his opposition papers, Coleman argues that his claims against defendants "are based upon violation of their rendered oaths of office to uphold the provisions of the United States Constitution; and their malfeasant conduct described under federal law (i.e., 28 U.S.C. Sections 1605 and 1608)." Coleman cites no legal authority, and indeed there is none, for the proposition that a federal court may assume subject matter jurisdiction over an action where the defendants "rendered oaths of office to uphold the provisions of the United States Constitution." 28 U.S.C. §§ 1605 and 1608, which endow federal courts with jurisdiction over actions against foreign states in certain circumstances, is clearly not pertinent to this action.

⁴ Because I am dismissing the complaint on these grounds, I need not address defendants' other arguments for dismissing the complaint.

## CONCLUSION

For the reasons stated above, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
John Gleeson
United States District Judge

Dated: January 31, 2013
       Brooklyn, New York